UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


CE RESOURCE, INC.,                     No. 2:08-cv-02999-MCE-KJM

          Plaintiff,

     v.                                MEMORANDUM AND ORDER

MAGELLAN GROUP, LLC; JOSEPH
KNIGHT

          Defendants.



                         ----oo0oo----


     Plaintiff CE Resource, Inc. ("Plaintiff") initiated this
action on December 9, 2008.  Presently before the Court is a
Motion to Dismiss and/or for Summary Judgment filed by Defendant
The Magellan Group, LLC ("Magellan").  For the following reasons,
Magellan's Motion is denied.[1]
///

---

     [1] Because oral argument will not be of material assistance,
the Court ordered this matter submitted on the briefing.  E.D.
Cal. Local Rule 78-230(h).

1

2

## BACKGROUND[2]

3      Plaintiff was established for the purpose of providing

4 continuing medical education to nurses and is accredited by the

5 American Nurses Credentialing Center's Commission on

6 Accreditation, the Accreditation Council for Continuing Medical

7 Education, and various individual states.

8      In September 2007, Plaintiff and Defendant Joseph Knight

9 ("Knight"), a freelance writer, entered into a Freelance Writer

10 Agreement.  Pursuant to that Agreement, Knight represented that a

11 course on "The Herpes Viruses," which he provided to Plaintiff,

12 was the result of his original work.  Knight also denied having

13 previously submitted the product to any other party or to having

14 published the course, and agreed to refrain from doing so in the

15 future.  Plaintiff subsequently registered the product with the

16 United States Copyright Office.

17      Plaintiff later conducted an internet search and came to the

18 conclusion that Knight had submitted another course series,

19 "Herpes Simplex Virus: An Introduction" and "Chicken Pox: The

20 Varicella Zoster Virus," which allegedly copied substantial

21 portions of the product belonging to Plaintiff, to Magellan for

22 publication.

23 ///

24 ///

25 ///

26 ///

27 _____

28      [2] The following facts are taken, for the most part verbatim,
from Plaintiff's First Amended Complaint ("FAC").

1    According to Plaintiff, Magellan purchased the infringing

2  courses from Knight, and Knight delivered one or more copies of

3  those infringing courses to Magellan.  Additionally, Plaintiff

4  claims that Magellan copied, distributed, and sold copies of the

5  infringing products and willfully ignored Knight's wrongful acts.

6  Plaintiff also contends, *inter alia*, that Magellan intentionally

7  uploaded as much content as possible to its website without

8  regard to industry standards or practices, and that, contrary to

9  its own advertising, Magellan failed to conduct due diligence

10 regarding its continuing education courses.

11    Consequently, Plaintiff filed this action alleging causes of

12 action for Copyright Infringement (against all Defendants),

13 Breach of Contract (against Knight only), and Violations of

14 California Business and Professions Code §§ 17200, et seq., and

15 17500, et seq. (against Magellan only).

16

17                        **ANALYSIS**

18

19    As a threshold matter, the Court notes that Defendant

20 Magellan, with no explanation to the Court, untimely filed its

21 instant Motion.  The Court finds this late filing consistent with

22 Magellan's pattern of dilatory behavior throughout the relatively

23 short span of this litigation.

24    First, Magellan failed to timely file any response to

25 Plaintiff's FAC, a failure that resulted in an entry of default

26 by the Clerk of the Court.  That entry of default was later

27 vacated pursuant to stipulation of the parties.

28 ///

                              3

However, by way of that stipulation, the parties agreed that
Defendant Magellan was to respond to the FAC not later than
April 6, 2009.  Nevertheless, Defendant did not file its Points
and Authorities in support of its instant Motion until 8:33 p.m.
on April 7. Additionally, Magellan wholly failed to file any
Reply to Plaintiff's Opposition to the Motion to Dismiss.

Accordingly, Magellan is hereby admonished that the dates
set in this Court are mandatory and adherence to applicable rules
is not optional.  This Court will not condone the blatant
disregard of both the local and federal rules that Magellan's
conduct demonstrates.  Failure to adhere to any future deadlines
may result in the imposition of sanctions which may include
monetary sanctions, orders precluding proof, elimination of
claims or defenses, or such other sanctions as the Court deems
appropriate.  Nevertheless, in the interest of judicial economy,
the Court will proceed to address the merits of Magellan's
Motion, which is now denied.

### A.   Personal Jurisdiction

Defendant first challenges this Court's jurisdiction arguing
that "the only statements made by Plaintiff regarding personal
jurisdiction over Magellan are conclusory, and Plaintiff provides
not a single fact that would support jurisdiction."  Motion, 4:3-
6.  However, according to Plaintiff, "[t]his Court has personal
jurisdiction over Magellan because Magellan conducts business in
California, and maintains a website accessible in California."
FAC, ¶ 5.

1    "When, as here, subject matter jurisdiction is premised on a

2    federal question, the exercise of personal jurisdiction over a

3    non-resident defendant must be authorized by a rule or statute

4    and consonant with the constitutional principles of due process.

5    Because there is no applicable federal statute governing personal

6    jurisdiction, [the Court's] starting point is California's long-

7    arm statute."  Glencore Grain Rotterdam B.V. v. Shivnath Rai

8    Harnarain Co., 284 F.3d 1114, 1123 (9th Cir. 2002).  "California

9    Code of Civil Procedure § 410.10, California's long-arm

10   jurisdiction statute, allows for the exercise of jurisdiction 'on

11   any basis not inconsistent with the Constitution of this state or

12   of the United States.'"  Rocke v. Canadian Auto. Sport Club, 660

13   F.2d 395, 398 (9th Cir. 1981).  "Because California's long-arm

14   jurisdictional statute is coextensive with federal due process

15   requirements, the jurisdictional analysis under state law and

16   federal due process are the same." <u>Yahoo! Inc. v. LaLique Contre</u>

17   <u>Le Racisme Et L'Antisemitisme</u>, 433 F.3d 1199, 1205 (9th Cir.

18   2006).

19   "Constitutional due process is satisfied when a non-resident

20   defendant has 'certain minimum contacts with [the forum] such

21   that the maintenance of the suit does not offend 'traditional

22   notions of fair play and substantial justice.'"  <u>Glencore Grain</u>,

23   284 F.3d at 1123, quoting International Shoe Co. V. Washington,

24   326 U.S. 310, 316 (1945).  "Depending on the nature of a foreign

25   defendant's contacts with the forum, a federal court may obtain

26   either specific or general jurisdiction over him.

27   ///

28   ///

A court exercises specific jurisdiction where the cause of action arises out of or has a substantial connection with the defendant's contacts with the forum.  Alternatively, a defendant whose contacts are substantial, continuous, and systematic is subject to a court's general jurisdiction even if the suit concerns matters not arising out of his contacts with the forum. Whether dealing with specific or general jurisdiction, the touchstone remains 'purposeful availment.'  By requiring that 'contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State,' the Constitution ensures that 'a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts.'"  Id. (internal citations omitted) (emphasis in original).

According to Magellan, it "lacks the minimum contacts with the State of California necessary to confer jurisdiction on this Court."  Id., 7-8.  Magellan relies on the following facts in support of its instant Motion:

1)   Magellan is a Maryland LLC with its principal place of business in Maryland.

2)   Magellan has historically paid corporate taxes only in Maryland.

3)   Customers purchasing courses from Magellan are required to agree that Maryland law is applicable to disputes arising from those purchases.

4)   The agreement entered into between Knight and Magellan stated that it was to "be construed pursuant to the laws of the State of Maryland applicable to contracts made and performed entirely therein."

///

///

5)   Magellan's website states, "If you believe your
     work has been copied in a manner that constitutes
     copyright infringement, you may notify our
     copyright agent," who is located in Maryland.

6)   Knight allegedly delivered the infringing Product
     to Magellan in Maryland.

Motion, 4:10-5:5.

Nevertheless, in Opposition to Defendant's instant Motion,
Plaintiff points to a number of facts ignored by Magellan:

1)   Magellan is specifically licensed to offer continuing
     education in California.

2)   Defendant Knight resides in California and Magellan
     reached in to California to make purchases from Knight.

3)   Magellan's highly interactive, commercial website
     allows California customers to view, browse and
     purchase directly from the website.

4)   The courses sold by Magellan are located on the website
     and can be reviewed and studied via the site.

5)   Tests are taken and graded online, and a certificate of
     completion is delivered from the website to the
     customer.

6)   Customers are able to establish online accounts to
     manage the education of employees.

7)   Magellan targets California consumers with its
     advertising.  Specifically, Magellan provides on its
     website information regarding its California
     certification and advertises "[a]ll state nursing
     boards accept our nursing ceu courses because they have
     been pre-approved by the California Board of Registered
     Nursing (Provider No. CEP14669)."

8)   Magellan advertises products that are expected to be
     available to California consumers in the future.

9)   Magellan provides "useful links" on its site, some of
     which link to the California Board of Registered
     Nursing and the American Association of Critical Care
     Nurses, which is also based in California.

10)  Finally, Magellan confirms via its "Frequently Asked
     Questions" section that its courses "count for credit
     in California."

1  Opposition, 6:8-7:2.

2      This Court concludes that it may properly exercise specific

3  jurisdiction over Defendant Magellan.[3]  "Where the nonresident

4  defendant's contact with the forum state is too tenuous to

5  support the assertion of jurisdiction for the purpose of hearing

6  unrelated claims, the constitutionality of the assertion of

7  jurisdiction over related claims is judged under a three-pronged

8  standard: '(1) The nonresident defendant must do some act or

9  consummate some transaction with the forum or perform some act by

10  which he purposefully avails himself of the privilege of

11  conducting activities in the forum, thereby invoking the benefits

12  and protections of its laws.  (2) The claim must be one which

13  arises out of or results from the defendant's forum-related

14  activities.  (3) Exercise of jurisdiction must be reasonable.'"

15  Rocke, 660 F.2d at 398, quoting Data Disc, Inc. v. Systems

16  Technology Associates, Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).

17      "When personal jurisdiction is challenged by motion as an

18  initial response, and 'the [district] court determines that it

19  will receive only affidavits or affidavits plus discovery

20  materials, these very limitations dictate that a plaintiff must

21  make only a *prima facie* showing of jurisdictional facts through

22  the submitted materials in order to avoid a defendant's motion to

23  dismiss.'"  Myers v. Bennett Law Offices, 238 F.3d 1068, 1071

24  (9th Cir. 2001), quoting Data Disc, 557 F.2d at 1285.

25  ///

26

27      [3] Because the Court concludes its exercise of specific
   jurisdiction is proper, it need not discuss general jurisdiction.
28

8

"When the plaintiff's version of the facts is not directly controverted, it is taken as true for the purposes of a Rule 12(b)(2) motion.  Conflicts between the facts in the parties' affidavits are resolved in the plaintiff's favor."  <u>Jeske v. Fenmore</u>, 2008 WL 5101808, *2 (C.D. Cal. 2008).

### 1.   Purposeful Availment

"The requirement that the defendant do some act purposefully to avail himself of the laws of the forum state ensures that a person is not hailed into court as the result of random, fortuitous, or attenuated contacts or on account of the unilateral activity of third parties."  <u>Brand v. Menlove Dodge</u>, 796 F.2d 1070, 1074 (9th Cir. 1986), citing <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 473-474 (1985).  "Despite its label, this prong includes both purposeful availment and purposeful direction.  It may be satisfied by purposeful availment of the privilege of doing business in the forum; by purposeful direction of activities at the forum; or by some combination thereof."  <u>Yahoo!</u>, 433 F.3d at 1205.

"In the internet context, the Ninth Circuit utilizes a sliding scale analysis under which 'passive' websites do not create sufficient contacts to establish purposeful availment, whereas interactive websites may create sufficient contacts, depending on how interactive the website is."  <u>Jeske v. Fenmore</u>, 2008 WL 5101808, *4 (C.D. Cal. 2008), citing <u>Boschetto v. Hansing</u>, 539 F.3d 1011, 1018 (9th Cir. 2008).

///

1  "'[T]he likelihood that personal jurisdiction can be

2  constitutionally exercised is directly proportionate to the

3  nature and quality of the commercial activity that an entity

4  conducts over the Internet.'"  Id., quoting Zippo Mfg. Co. v.

5  Zippo Dot Com, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997).

6       "A passive website is one that 'does little more than make

7  information available to those who are interested in it.'  In

8  contrast, a highly interactive website is one that allows the

9  defendant to 'enter[] into contracts with residents of a foreign

10 jurisdiction that involve the knowing and repeated transmission

11 of computer files over the Internet.  And between these two

12 extremes are interactive websites that allow a user to exchange

13 information with a host computer.  In this latter context, 'the

14 exercise of jurisdiction is determined by examining the level of

15 interactivity and [the] commercial nature of the exchange of

16 information that occurs on the Website.'"  Id., *4, quoting

17 Zippo, 952 F. Supp. at 1224.

18      In this case, Plaintiff has adequately shown that Magellan

19 purposefully availed itself of the laws of California.  Magellan

20 is licensed in California to provide continuing education

21 programs to California citizens.  Furthermore, Magellan directed

22 its commercial advertising at those California residents who

23 sought continuing education.  Additionally, Magellan's website

24 acted as even more than a virtual store.  Indeed, customers could

25 study, take exams, and have those exams graded all in a virtual

26 classroom.

27 ///

28 ///

10

Finally, Magellan allegedly reached into California to acquire the infringing product from Defendant Knight, a California citizen, and then provided that product via its website, directly to California customers.

## 2.   Arising Out Of

"In a specific jurisdiction inquiry, [the Court] consider[s] the extent of the defendant's contacts with the forum and the degree to which the plaintiff's suit is related to those contacts.  A strong showing on one axis will permit a lesser showing on the other."  Yahoo!, 433 F.3d at 1210.  The Ninth Circuit has applied a "but for" test to determine whether a plaintiff's claims arise out of a defendant's forum conduct.  Glencore Grain, 284 F.3d 1123.  In this case, Plaintiff's claims arise out of Defendant Magellan's activities because but for Defendant's purchase of the allegedly infringing product from a California resident, and but for, inter alia, Defendant's sale of the allegedly infringing product to California residents, Plaintiff would not have experienced harm in California.  See Jeske, 2008 WL 5101808, *5.  Accordingly, this Court finds that Plaintiff's claims arise out of and relate to Magellan's forum-related activities.  See id.

///

///

///

///

///

11

1

2

### 3.   Reasonableness

The Court "examine[s] seven factors to determine whether exercise of jurisdiction is reasonable: existence of an alternative forum; burden on the defendant; convenience and effectiveness of relief for the plaintiff; most efficient judicial resolution of the dispute; conflict with sovereignty of the defendant's state; extent of purposeful interjection; and the forum state's interest in the suit." Brand, 796 F.2d at 1075.

"Under this prong, 'it is not enough that the [defendant] demonstrate that some other forum is more reasonable than California, [it] must show a due process violation; [it] must show that jurisdiction in California would make the litigation 'so gravely difficult and inconvenient that a party unfairly is at a severe disadvantage in comparison to [its] opponent.''" Jeske, 2008 WL 5101808, *6, quoting Sher v. Johnson, 911 F.2d 1357, 1365 (9th Cir. 1990). "[D]ismissal under this prong is only appropriate in 'the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum.'" Id., quoting Oakley, Inc., 287 F. Supp. 2d at 1117.

Magellan has wholly failed to meet its burden of showing that it would be unreasonable to subject it to personal jurisdiction in this Court.  Indeed, Defendant failed to address the reasonableness of this Court's jurisdiction at all, instead placing its eggs solely in the "minimum contacts" basket.

///

1    This Court is unconvinced that the burdens facing Magellan in
2    this forum rise even close to the threshold where due process is
3    implicated.  Moreover, Magellan has not shown that another forum
4    would be more convenient or efficient and has failed to point to
5    any reason the Court should disregard California's strong
6    interest in resolving the instant dispute.  See Jeske, 2008 WL
7    5101808, *7.  Finally, Defendant has clearly taken numerous
8    affirmative steps to inject its activities into this State.  As
9    such, Magellan's argument that it is not subject to personal
10   jurisdiction in this Court is rejected, and Defendant's Motion to
11   Dismiss is denied.

12

13       **B.    28 U.S.C. § 1404(a)**

14

15       Defendant next argues that, "Maryland is a more convenient
16   forum and the Plaintiff's complaint, if brought at all, should
17   have been brought in that state."  Motion, 7:13-15.
18       Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of
19   parties and witnesses, in the interest of justice, a district
20   court may transfer any civil action to any other district or
21   division where it might have been brought."  "Under this section,
22   the district court has discretion to adjudicate motions for
23   transfer according to an individualized, case-by-case
24   consideration of convenience and fairness.  In considering
25   motions to transfer venue under this section, courts look to:
26   ///
27   ///
28   ///

13

1  (1) the convenience of the parties; (2) the convenience of the

2  witnesses; and (3) the interests of justice...The burden is on

3  the moving party to establish that a transfer would allow a case

4  to proceed more conveniently and better serve the interests of

5  justice." <u>Florens Container v. Cho Yang Shipping</u>, 245 F. Supp.

6  2d 1086, 1088 (N.D. Cal. 202).

7        "In judging the weight to be given to a plaintiff's choice

8  of forum, 'consideration must be given to the extent both of the

9  defendant's business contacts with the chosen forum and of the

10  plaintiff's contacts, including those relating to [plaintiff's]

11  cause of action.  If the operative facts have not occurred within

12  the forum of original selection and that forum has no particular

13  interest in the parties or the subject matter, the plaintiff's

14  choice is only entitled to minimal consideration.'" <u>Id</u>. at 1092,

15  quoting <u>Pacific Car and Foundry Co. v. Pence</u>, 403 F.2d 949, 954

16  (9th Cir. 1968).  Nevertheless, "under Ninth Circuit law, a

17  plaintiff's choice of forum is accorded substantial weight in

18  proceedings under this section, and courts generally will not

19  transfer an action unless the 'convenience' and 'justice' factors

20  strongly favor venue elsewhere." <u>Id</u>.

21        More specifically, "[a] motion to transfer venue under

22  § 1404(a) requires the court to weigh multiple factors in its

23  determination whether transfer is appropriate in a particular

24  case.  For example, the court may consider:

25  ///

26  ///

27  ///

28  ///

(1) the location where the relevant agreements were negotiated
and executed, (2) the state that is most familiar with the
governing law, (3) the plaintiff's choice of forum, (4) the
respective parties' contacts with the forum, (5) the contacts
relating to the plaintiff's cause of action in the chosen forum,
(6) the differences in the costs of litigation in the two forums,
(7) the availability of compulsory process to compel attendance
of unwilling non-party witnesses, and (8) the ease of access to
sources of proof." Jones v. GNC Franchising, Inc., 211 F.3d 495,
498-499 (9th Cir. 2000). "[T]he relevant public policy of the
forum state, if any, is at least as significant a factor in the
§ 1404(a) balancing." Id. at 499.

 "The convenience of the witnesses is often the most
important factor. Here, courts look to who the witnesses are,
where they are located, what their testimony will be, and why
such testimony is relevant." Florens, 245 F. Supp. 2d at 1093.
"The party seeking a transfer cannot rely on vague
generalizations as to the convenience factors. The moving party
is obligated to identify the key witnesses to be called and to
present a generalized statement of what their testimony would
include." Id.

 Ultimately, Defendant "bears a heavy burden of showing a
clear balance of inconveniences to it." E. & J. Gallo Winery v.
F. & P. S.p.A., 899 F. Supp. 465, 466 (E.D. Cal. 1994).
Defendant failed to meet that burden here.

///

///

///

15

1    In this case, Defendant argues only that a transfer is

2  necessary based on the following facts:

  1) Plaintiff initially sued only Magellan, stating that
    Knight had responded to Plaintiff's cease and desist
    letter by "recognizing the parallels between his
    Infringing Course and the CME Course, and agreed to
    cease his actions in order to remedy the matter as
    between Knight and CME."  Complaint, ¶ 15.

  2) All party witnesses are allegedly residents of
    Maryland.

  3) Maryland law is applicable under the various
    agreements.

Motion, 7:13-8:2.

  In light of the fact that both Plaintiff and Defendant

Knight are California citizens, not only are some of these

allegations patently false, they simply do not rise to the level

necessary to convince this Court that transfer is proper.

Accordingly, Defendant's Motion to Transfer is denied.

### C.  Motion to Dismiss Under Rule 12(b)(6) Or, Alternatively, Motion for Summary Judgment

  According to Magellan: 1) Plaintiff failed to state a claim

for copying; and 2) Plaintiff cannot recover from Defendant since

Magellan is an "innocent infringer."

### 1.  Plaintiff Adequately Stated a Claim for Copying

  Magellan claims that Plaintiff "fails to make a claim for

copying as it admits that Defendant Magellan did not actually

copy CE Resource's work nor does it allege that Magellan had

access to it."  Motion, 10:3-6.

"To state a claim for copyright infringement, plaintiffs must allege: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'"  Zella v. E.W. Scripps Co., 529 F. Supp. 2d 1124, 1132 (C.D. Cal. 2007), quoting Feist Publ'ns, Inc. v. Rural Tele. Serv. Co., 499 U.S. 340, 361 (1991).  "The second prong...requires plaintiffs to allege that 'the infringer had access to plaintiff's copyrighted work and that the works at issue are substantially similar in their protected elements.'" Id. at 1132-1133, quoting Cavalier v. Random House, Inc., 297 F.3d 815, 822 (9th Cir. 2002).

Here, Plaintiff alleges that Defendant Magellan had access to the original course by way of Defendant Knight, who had created that course for Plaintiff as a work for hire, and that the courses provided by Magellan via its website were identical, at least in part, to that original product.  These allegations are sufficient to survive the instant Motion to Dismiss.

### 2.    Plaintiff Did/Did Not State a Claim for Damages

Magellan next argues that it cannot be liable for damages for its alleged infringement of Plaintiff's copyright because Magellan innocently infringed in reliance on the lack of notice on the original work.  Defendant relies 17 U.S.C. § 405(b) which states:

///

///

///

///

**Effect of Omission on Innocent Infringers**. -- Any person who innocently infringes a copyright, in reliance upon an authorized copy or phonorecord from which the copyright notice has been omitted and which was publicly distributed by authority of the copyright owner before the effective date of the Berne Convention Implementation Act of 1988, incurs no liability for actual or statutory damages under section 504 for any infringing acts committed before receiving actual notice that registration for the work has been made under section 408, if such person proves that he or she was misled by the omission of notice.  In a suit for infringement in such a case the court may allow or disallow recovery of any of the infringer's profits attributable to the infringement, and may enjoin the continuation of the infringing undertaking or may require, as a condition for permitting the continuation of the infringing undertaking, that the infringer pay the copyright owner a reasonable license fee in an amount and on terms fixed by the court.

Accordingly, Magellan asserts that it was never put on notice that rights to the works provided by Knight belonged to Plaintiff.  As such, Magellan contends it is entitled to an absolute defense as an "innocent infringer."

However, Magellan's argument ignores several important factors.  First, this statutory section is only applicable if the alleged infringer relied on an "authorized" copy.  In this case, Plaintiff alleges that the copies produced by Knight were unauthorized.  Additionally, the statutory section applies only to works publicly distributed prior to the effective date of the Berne Convention, which was March 1, 1989.  Pub.L. No. 100-568, 102 Stat. 2852.  There is no dispute that the distribution of works in this case occurred years later, and, thus this case is not subject to the notice requirement.  See Norma Ribbon & Trimming, Inc. v. Little, 51 F.3d 45, 48 (5th Cir. 1995). Accordingly, Defendant's argument is rejected.

///

18

1        **D.     SMJ Dismissal as to State Law Claims**

2

3        Finally, Defendant attacks Plaintiff's state law claims

4    alleging: 1) the Court lacks supplemental jurisdiction over those

5    causes of action because they are unrelated in fact and law to

6    the copyright claim; and 2) Plaintiff's state law claims are

7    preempted by the Copyright Act, 17 U.S.C. § 301(a).  This Court

8    disagrees.

9

10           **1.     Subject Matter Jurisdiction**

11

12        By way of its challenge to this Court's subject matter

13   jurisdiction, Defendant makes only the unsupported assertion that

14   "there is no supplemental jurisdiction for these state claims as

15   they are entirely unrelated in both fact and law to the original

16   copyright claim based on publishing Knight's course."  Motion,

17   13:10-13.

18        In moving to dismiss under Rule 12 (b)(1), the challenging

19   party may either make a "facial attack" on the allegations of

20   jurisdiction contained in the complaint or can instead take issue

21   with subject matter jurisdiction on a factual basis ("factual

22   attack").  Thornhill Publishing Co. v. General Tel. & Elect.

23   Corp., 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed.

24   Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  If the

25   motion constitutes a facial attack, the Court must consider the

26   factual allegations of the complaint to be true.  Williamson v.

27   Tucker, 645 F.2d 404, 412 (5th Cir. 1981); Mortensen, 549 F.2d at

28   891.

19

If the motion constitutes a factual attack, however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill, 594 F.2d at 733 (quoting Mortensen, 549 F.2d at 891).

It is clear that, in the instant case, the Court lacks jurisdiction over Plaintiff's state law claims under either 28 U.S.C. §§ 1331 or 1332.  Nevertheless, "...in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  "[J]ust because a state law claim does not arise out of the same transaction or occurrence as the federal law claim does not mean that the state law claim does not arise out of facts that bear some relationship to the facts from which the federal claim arises so that the state claim and the federal claim are considered part of the same constitutional 'case.'"  Sparrow v. Mazda American Credit, 385 F. Supp. 2d 1063, 1067 (E.D. Cal. 2005).

Plaintiff has adequately alleged that all causes of action in its Complaint derive from Defendant's activity in offering products for sale in its virtual store and for use in its virtual classroom.

///

///

1   Plaintiff's state law claims turn, at least in part, on the

2   alleged use of material improperly acquired from Plaintiff to

3   further a pattern or practice of unfair competition and

4   deception, which is said to have caused injury to California

5   consumers and to Plaintiff.  Accordingly, the Court is satisfied

6   that it has subject matter jurisdiction over all claims in

7   Plaintiff's Complaint, and Defendant's arguments to the contrary

8   are rejected.

9

10      **B.    Preemption of State Law Claims**

11

12      Finally, Defendant argues that Plaintiff's state law claims

13   are preempted by the Copyright Act.  "The Copyright Act

14   explicitly preempts state laws that regulate in the area of

15   copyright, stating that 'all legal or equitable rights that are

16   equivalent to any of the exclusive rights within the general

17   scope of copyright as specified by section 106...are governed

18   exclusively by this title.'"  Sybersound Records, Inc. v. UAV

19   Corp., 517 F.3d 1137, 1150 (9th Cir. 2008), quoting 17 U.S.C.

20   § 301(a).  "The Copyright Act preempts a state law cause of

21   action when two requirements are met.  First, the rights asserted

22   under state law must be rights that are equivalent to those

23   protected by the copyright act.  Second, the work involved must

24   fall within the subject matter of the Copyright Act as set forth

25   in 17 U.S.C. §§ 102 and 103."  Silicon Image, Inc. v. Analogix

26   Semiconductor, Inc., 2007 WL 1455903, *7 (N.D. Cal.), quoting

27   Kadadek v. MTV Networks, Inc., 152 F.3d 1209, 1212 (9th Cir.

28   1998) (internal quotations omitted).

1    "The determination of whether state law rights are
2    'equivalent' to those protected by the Copyright Act 'involves
3    determining whether the state law claim contains an element not
4    shared by the federal law.'" Id., quoting Summit Mach. Tool Mfg.
5    v. Victor CNC Sys., 7 F.3d 1434, 1440 (9th Cir. 1993). "The
6    Copyright Act provides copyright owners with the exclusive rights
7    of reproduction, distribution, performance, display and
8    preparation of derivative works." Id., citing 17 U.S.C. § 106.
9    "If a state law claim includes an 'extra element' that makes the
10   right asserted qualitatively different from those protected under
11   the Copyright Act, the state law is not preempted by the
12   Copyright Act." Id., quoting Altera Corp. v. Clear Logic, 424
13   F.3d 1079, 1089 (2005).

14   Plaintiff in this case brings state law causes of action
15   under California's Unfair Competition Law, Business & Professions
16   Code § 17200, et seq., and California's False Advertising Law,
17   Business & Professions Code § 17500, et seq., neither of which is
18   preempted here.

19   Both of the state law claims directed at Defendant Magellan
20   are premised on allegations that Defendant, *inter alia*, failed to
21   conduct due diligence and wrongfully represented its own
22   qualifications as a continuing education provider.  Plaintiff
23   does not allege that Defendant "has created the false impression
24   that its reproduction of the [product] is authorized - which
25   would amount to a copyright infringement claim." Silicon Image,
26   Inc., 2007 WL 1455903, *8.  Rather,

27   ///
28   ///

22

1   Plaintiff specifically argues that "[i]t is not the mere act of
2   copying that gives rise to liability under Sections 17200 and
3   17500, but rather the use of the Infringing Course to deceive
4   consumers about Magellan's qualifications to offer continuing
5   education."  Opposition, 26:18-21, citing FAC ¶¶ 22-24.
6   Accordingly, as alleged, Plaintiff's state law claims are not
7   preempted by federal law.

8

9                             **CONCLUSION**

10

11       For the reasons just stated, Defendant's Motion to Dismiss
12   And/Or Motion for Summary Judgment (Docket No. 24) is DENIED.
13       IT IS SO ORDERED.
14
    Dated: July 7, 2009
15

16

17                             _____
                               MORRISON C. ENGLAND, JR.
18                             UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

                                    23