UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CE RESOURCE, INC.,                         No. 2:08-cv-02999-MCE-KJM

          Plaintiff,

     v.                                    MEMORANDUM AND ORDER

MAGELLAN GROUP, LLC; JOSEPH
KNIGHT

          Defendants.


                         ----oo0oo----


     Plaintiff CE Resource, Inc. ("Plaintiff") initiated this
action on December 9, 2008.  Presently before the Court is the
Motion for Reconsideration of the Order Denying Motion to Dismiss
filed by Defendant The Magellan Group, LLC ("Magellan").
Defendant's Motion is denied.[1]
///
///

---

     [1]  Because oral argument will not be of material assistance,
the Court ordered this matter submitted on the briefing.  E.D.
Cal. Local Rule 78-230(h).

                              1

1

**BACKGROUND[2]**

2

3        Plaintiff was established for the purpose of providing
4   continuing medical education to nurses and is accredited by the
5   American Nurses Credentialing Center's Commission on
6   Accreditation, the Accreditation Council for Continuing Medical
7   Education, and various individual states.
8        In September 2007, Plaintiff and Defendant Joseph Knight
9   ("Knight"), a freelance writer, entered into a Freelance Writer
10  Agreement.  Pursuant to that Agreement, Knight represented that a
11  course on "The Herpes Viruses" ("Product") was the result of his
12  original work.  Knight also denied having submitted the Product
13  to any other party, to have published the Product, or to do so in
14  the future.  Plaintiff subsequently registered the Product with
15  the United States Copyright Office.
16       Plaintiff later conducted an internet search and came to the
17  conclusion that Knight had submitted another course series,
18  "Herpes Simplex Virus: An Introduction" and "Chicken Pox: The
19  Varicella Zoster Virus," which allegedly copied substantial
20  portions of the Product belonging to Plaintiff, to Magellan for
21  publication.
22       According to Plaintiff, Magellan purchased the infringing
23  courses from Knight, and Knight delivered one or more copies of
24  those infringing courses to Magellan.  Additionally, Plaintiff
25  claims that Magellan copied, distributed, and sold copies of the
26  infringing products and willfully ignored Knight's wrongful acts.

27  _____

28        [2] The following facts are taken, for the most part verbatim,
    from Plaintiff's First Amended Complaint ("FAC").

1  Plaintiff then sent cease and desist letters to both Knight and

2  Magellan and eventually filed this action alleging causes of

3  action for Copyright Infringement (against all Defendants),

4  Breach of Contract (against Knight only), and Violations of

5  California Business and Professions Code §§ 17200, et seq., and

6  17500, et seq. (against Magellan only).

7

8                              **STANDARD**

9

10     A court should be loathe to revisit its own decisions unless

11 extraordinary circumstances show that its prior decision was

12 clearly erroneous or would work a manifest injustice.

13 Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817

14 (1988).  This principle is generally embodied in the law of the

15 case doctrine.  That doctrine counsels against reopening

16 questions once resolved in ongoing litigation.  Pyramid Lake

17 Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir.

18 1989).  Nonetheless, in certain limited circumstances, a court

19 has discretion to reconsider its prior decisions.

20     A timely filed motion for reconsideration under a local rule

21 is construed as a motion to alter or amend a judgment under

22 Rule 59(e).  Schroeder v. McDonald, 55 F.3d 454, 459 (9th Cir.

23 1995).  A motion for reconsideration is treated as a Rule 59(e)

24 motion if filed within ten days of the judgment being entered,

25 but as a Rule 60(b) motion if filed more than ten days after

26 judgment.  See Am. Ironworks & Erectors Inc. v. N. Am. Constr.

27 Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).

28 ///

                                     3

1  Since this motion is seeking reconsideration of a final judgement
2  and was timely filed, the Court will treat it as a Rule 59(e)
3  motion.

4      Absent "highly unusual circumstances," reconsideration
5  pursuant to Rule 59(e) is appropriate only where 1) the court is
6  presented with newly discovered evidence; 2) the court committed
7  clear error or the initial decision was manifestly unjust; or
8  3) there is an intervening change in controlling law.  School
9  Dist. No. 1J, Multnomah County v. Acands, Inc., 5 F.3d 1255, 1263
10 (9th Cir. 1993)(citations and quotations omitted).  Mere
11 dissatisfaction with the court's order, or belief that the court
12 is wrong in its decision, are not grounds for relief under
13 Rule 59(e).

14

15                            **ANALYSIS**

16

17     Defendant cites to no law indicating Defendant is even
18 remotely aware of the circumstances under which this Court will
19 revisit its own decisions.  Rather, Defendant simply challenges
20 the Court's reasoning and logic, citing no newly discovered
21 evidence or other extenuating circumstances that might justify
22 reconsideration.

23     Defendant is cautioned that the Court does not look
24 favorably upon motions that fail to address the applicable law.
25 Accordingly, while Defendant's legal arguments might have had
26 some persuasive value had they been filed in its original motion
27 or reply, they are simply irrelevant now.

28 ///

                                4

**CONCLUSION**

    Defendant's Motion for Reconsideration (Docket No. 45) is
DENIED.  The hearing scheduled August 27, 2009, at 2:00 p.m. in
Courtroom 7 is hereby vacated.

    IT IS SO ORDERED.

 Dated: August 21, 2009

                                    _____
                                    MORRISON C. ENGLAND, JR.
                                    UNITED STATES DISTRICT JUDGE