UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CE RESOURCE, INC.,                    No. 2:08-cv-02999-MCE-KJM

        Plaintiff,

  v.                                   MEMORANDUM AND ORDER

MAGELLAN GROUP, LLC,

        Defendant.

----oo0oo----

Presently before the Court is Defendant counsel's Motion to Withdraw at Attorney. For the following reasons, Defendant counsel's Motion is denied.[1]

**BACKGROUND**

On December 9, 2008 Plaintiff CE Resource Inc., a California corporation, filed a complaint against The Magellan Group, LLC, a Maryland limited liability company, for copyright infringement.

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

1

Local attorney William Colitre was entered as California counsel for Magellan, and Magellan's Maryland attorney, Scott A. Conwell, was entered as co-counsel, pro hac vice.

Defense counsel have now filed a Motion to Withdraw as Attorney. In their motion, Conwell and Colitre explain that they are withdrawing at the request of their client, Defendant Magellan Group. Additionally, they have attached a letter from Magellan Group, directed to counsel, which states that the Magellan officers have "met with a bankruptcy attorney," they "have made the decision to begin winding down the company," they "can no longer afford to litigate the matter in California with CE Resource," they "no longer desire to stay active in the present lawsuit," and due to these considerations they "no longer require [Conwell and Colitre's] representation."

## STANDARD

Local Rule 83-182(d) provides the guidelines for withdrawal in this Court indicating that "an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court." "Leave to withdraw may be granted subject to such appropriate conditions as the Court sees fit." *Id*. However, when the client is a corporation, Local Rule 83-183(a) specifically indicates that while individuals may be allowed to appear in propria persona, "a corporation may appear only by an attorney."

The local rules additionally advise that an attorney before the Court is "governed by the Rules of Professional Conduct of

2

the State Bar of California and the attorney shall conform to the requirements of those Rules." E.D. Cal. R. 83-183(a). This holds true regardless of whether the attorney is admitted to the California State Bar. Rather, the Rules of Professional Conduct of the State Bar of California are incorporated by reference into the local rules. Local Rule 83-184(b), which provides the guidelines for disciplinary proceedings against attorneys, further reinforces this notion by indicating that "any member of [the Court's] Bar or any attorney appearing pro hac vice" may be "subject to suspension or disbarment by this Court" if found to have engaged unethical conduct including "violat[ion] of the Rules of Professional Conduct of the State Bar of California."

California Rule of Professional Conduct 3-700(A)(2) requires that "a member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700 (D) (regarding papers), and complying with applicable laws and rules." A request for permission to withdraw as an attorney is permitted by the California Rules of Professional Conduct when "the client knowingly and freely assents to the termination of the employment." Cal. R. Prof. Conduct 3-700(C)(5). However the rules emphasize, as a general matter, that "if permission for termination is required by the rules of a tribunal, a member shall not withdraw from employment in a proceeding before that tribunal without its permission." Cal. R. Prof. Conduct 3-700(A)(1)).

**ANALYSIS**

Conwell and Colitre have a submitted in support of their Motion a letter from the client requesting that they withdraw as counsel. In it, the client informs the attorneys that they "no longer desire to stay active in the present lawsuit." Seemingly, this letter is provided as grounds to invoke California Rule 3-700(C)(5) where permissive withdrawal may be sought when the client assents to termination of the employment. However, assent of the client alone does not require the court to grant a motion for withdrawal. Rather, in ruling on a motion to withdraw, courts have looked at several factors including: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case. Canandaigua Wine Co., Inc. V. Moldauer, No. 1:02-cv-06599, 2009 WL 89141, at *1(E.D. Cal. Jan. 14, 2009)(citing Irwin v. Mascott, No. 97-4737, 2004 U.S. Dist. LEXIS 28264, at *3-4 (N.D.Cal. Dec. 1, 2004); Beard v. Shuttermart of California, Inc., No. 07CV594WQH(NLS), 2008 WL 410694, at *2 (S.D.Cal. Feb.13, 2008)). Ultimately, the court's ruling must involve a balancing of the equities.

Therefore, regardless of the client's consent, this Court must be mindful of the local rule requiring that a corporation be represented by counsel. A grant of attorney's motion to withdraw would effectively place the Magellan Corporation in immediate violation of local rules as they would no longer have counsel to

4

represent them. It is the duty of the trial court to see that the client is protected, so far as possible, from the consequences of an attorney's abandonment. Vann v. Shilleh, 54 Cal. App. 3d 192, 197 (1975).  Thus, in order to protect Magellan's own interests before the tribunal, this Court cannot grant the Motion to Withdraw.

The fact that the client has expressed in their letter to the attorneys that they no longer wish to pursue litigation holds no persuasion before this Court. Despite the client's personally expressed intentions, until a proper motion to dismiss or settlement agreement has been filed, the client's litigation is still pending. And without an attorney on record to represent them, Magellan would be precluded from taking any further action, including disposing of the case.

It is a longstanding rule that corporations and other incorporated associations must appear in court through an attorney. Licht v. Am. W. Airlines, 40 F.3d 1058, 1059 (9th Cir. 1994). Providing flexibility to this rule, in Bigelow v. Brady the 9th Circuit held that a notice of appeal signed and filed on behalf of a corporation by a corporate officer was valid even though it was not signed and filed by counsel. 179 F.3d 1164, 1165 (9th Cir. 1999). However, in Bigelow, after the corporate officer filed notice, a lawyer thereafter entered a formal appearance on behalf of the corporation and undertook representation. The lawyer filed the brief, responses to motions, and argued the case. *Id*. The leniency allowed to corporations under Bigelow therefore must be restricted to non-dispositive actions, such as notices. As the Bigelow panel noted,  "notice of

1 appeal is just that- a notice. It is not a motion or a pleading."
2 *Id*. Should the Magellan later seek any decisive progress on their
3 litigation, such dispositive action would require representation
4 by an attorney to be deemed as valid. This Court cannot deny the
5 client the tools necessary to make decisions for itself, and a
6 grant of a motion to withdraw would do just that.

7     The case law has established that the court has discretion
8 to deny attorney's request to withdraw where such withdrawal
9 would work an injustice or cause undue delay. Mandell v. Superior
10 Court, 67 Cal. App.3d 1, 4 (1977). It would be an injustice to
11 leave Magellan in a judicial stalemate until a replacement
12 attorney could be located. Nor will this Court allow the undue
13 delay to other litigants that would result from waiting for a
14 party, who is apparently uninterested in litigation, to
15 begrudgingly locate an attorney to assist them in continuing the
16 litigation they seek to avoid.

17     As an officer of the court it is the attorney's
18 responsibility to ensure that the rules of the court and the
19 rules of the California State Bar are complied with. Nowhere in
20 the record does it indicate that Conwell or Colitre have
21 attempted to locate substitute counsel, or even attempted to
22 advise their client of the potential noncompliance Magellan would
23 face in their absence. A lawyer violates his or her ethical
24 mandate by abandoning a client or by withdrawing at a critical
25 point thereby prejudicing the client's case. *See* Shilleh, 54 Cal.
26 App.3d at 197; *see also* Pineda v. State Bar, 49 Cal.3d 753,
27 758-759 (1989). There is perhaps no more critical point than when
28 a party chooses in a civil litigation to no longer continue with

the suit. The court's grant of a motion to withdraw would prevent even that most crucial step from being properly taken as the Defendant would not have representation to carry out their aims or, at the very least, would have to further usurp this court's time as they independently seek substitute counsel to file final dismissal papers.

**CONCLUSION**

For the reasons stated above, the Court cannot allow a corporation to appear without an attorney, regardless of how reasonable or well-intentioned its actions may be. There are other options that can be pursued to resolve this issue, but until they are presented to the Court, defense counsel's Motion to Withdraw is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: October 14, 2009

_____
**MORRISON C. ENGLAND, JR.**
**UNITED STATES DISTRICT JUDGE**