IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CE RESOURCE, INC.,

    Plaintiffs,                       No. CIV 08-2999 MCE KJM

    vs.

MAGELLAN GROUP, LLC, et al.

    Defendant.                    FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff's motion for default judgment against defendant The Magellan Group, LLC (Magellan) is pending before the court. Upon review of the documents in support, no opposition having been filed, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        The complaint in this matter was served upon defendant Magellan by personal service on December 20, 2008 and the first amended complaint was duly served on defense counsel. Compare Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction). Defendant has not filed an answer and has stated it does not intend to defend this action. See Docket No. 64. The clerk of the court entered default against defendant on October 19, 2009. Notice of the entry of default as well as plaintiff's present motion for entry of default judgment were electronically served on

1

defense counsel.  Defendant filed no opposition to the motion for entry of default judgment.

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party.  <u>Geddes v. United Financial Group</u>, 559 F.2d 557 (9th Cir. 1977).  Entry of default judgment is proper where, as in the present case, the facts established by the default support the causes of action pled in the amended complaint.  The complaint and the affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiffs are entitled to the relief in the form of statutory damages and injunctive relief requested in the prayer for default judgment, which does not differ in kind from the relief requested in the amended complaint.  <u>Henry v. Sneiders</u>, 490 F.2d 315, 317 (9th Cir 1974).  There are no policy considerations that preclude the entry of default judgment of the type requested.  <u>See</u> <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (listing seven factors to be considered in determining entry of default judgment).

In view of the foregoing findings, it is the recommendation of this court that plaintiffs' motion for entry of default judgment be GRANTED, and that judgment be entered against defendant The Magellan Group, LLC for monetary damages in the amount of $27,558.70 and attorneys' fees in the amount of $101,325.50, and that a permanent injunction issue that requires defendant Magellan to:

(1) provide information about the faculty and their respective qualifications with respect to each course it offers as required by the American Nurses Credentialing Center's Commission on Accreditation ("ANCC");

(2)  perform the peer review for course content as required by accreditation standards;

(3) use health professional versions of its courses instead of patient education versions, which are much simpler and less detailed than continuing education content necessary for medical professionals;

/////

        (4) obtain from presenters, planners and reviewers, and disclose to learners, a statement regarding conflict of interest on a vested interest form whether there is one or not, as required by ANCC;

        (5) have its nurse planners possess a graduate degree, requiring that one of the degrees be in nursing, and its peer reviewers have a Bachelor's of Science Degree in Nursing, as required by ANCC;

        (6) post an expiration date for all enduring materials as required by ANCC;

        (7) state the purpose for each course as required by accreditation standards;

        (8) post on the main page of its websites or other media through which it offers continuing education the actual number of courses and course hours it offers, notwithstanding the fact that courses may fall under various course headings; and

        (9) comply with all rules and regulations applicable to state nursing boards for states in which Magellan offers continuing education.

        These findings and recommendations are submitted to the United States District Judge assigned to this action, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 12, 2010.

                                                    U.S. MAGISTRATE JUDGE

006
ceresources.def